UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES WAYNE DILLARD,                    )
                                        )
            Petitioner,                 )
                                        )
    vs.                                 )        Case No. 4:05CV66 JCH
                                        )
MICHAEL BOWERSOX,                       )
                                        )
            Respondent.                 )

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner James Wayne Dillard's pro se

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed January 18, 2005. (Doc. No.

1). The matter is fully briefed and ready for disposition.

On March 14, 2000, Petitioner pleaded guilty in the Circuit Court of Wayne County,

Missouri, to one count of production of a controlled substance. On April 6, 2000, Petitioner was

sentenced to twelve years imprisonment, but received a suspended execution of sentence with five

years supervised probation. Petitioner did not appeal his conviction or sentence. Petitioner's

probation was revoked on April 9, 2002, and the sentence previously imposed was executed.

Petitioner then filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule

24.035, which was denied after an evidentiary hearing. (Resp. Exhs. 1, 2). The Missouri Court of

Appeals affirmed the denial of Petitioner's post-conviction motion. Dillard v. State, 137 S.W.3d 483

(Mo. App. 2004). Petitioner's petition for writ of habeas corpus in the state court was summarily

denied. (Resp. Exhs. 8, 9).

Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri. In the instant petition for writ of habeas corpus, Petitioner claims his guilty plea was not entered knowingly and voluntarily, for the following two reasons:

(1)      the prosecutor agreed as part of the plea bargain not to make a sentencing recommendation, but then did so in violation of the bargain, by passing a handwritten note to the judge during Petitioner's original sentencing on April 6, 2000; and

(2)      Petitioner received ineffective assistance of counsel, because plea counsel failed to conduct an independent investigation of the charges.

(Doc. No. 1, P. 4). In response, Respondent contends the instant petition should be dismissed, arguing that claim one is subject to a procedural bar, as Petitioner failed properly to pursue the claim in state court, and claim two is without merit.

## DISCUSSION

A.      **Exhaustion Analysis**

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner

must survive this exhaustion analysis, or the petition must be dismissed.  Rose v. Lundy, 455 U.S. 509 (1982).

The Court's review of the record demonstrates that Petitioner's claims are exhausted, either because they properly were raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

**B.**     **Procedural Bar**

In Ground 1 of his petition, Petitioner claims the prosecutor agreed as part of the plea bargain not to make a sentencing recommendation, but then did so in violation of the bargain, by passing a handwritten note to the judge during Petitioner's original sentencing on April 6, 2000.  (Doc. No. 1, P. 4).  Petitioner contends that as a result of this alleged misconduct, his plea of guilty was neither intelligently nor voluntarily made.  A review of the record reveals that Petitioner failed to raise Ground 1 on appeal of his sentence.[1]  Petitioner further raised Ground 1 in neither his post-conviction motion, nor in his appeal of the denial of his post-conviction motion.  (Resp. Exh. 2, PP. 3-9; Resp. Exh. 4).  A claim must be presented at each step of the judicial process in state court to avoid procedural default.  Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994).  Because Petitioner has failed properly to raise the claim in state court proceedings, the claim is defaulted and he is procedurally barred from pursuing it here.  Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d at 1217. This Court therefore cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claim[] will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.  Petitioner has neither asserted nor shown cause for his failure

_____

[1] As stated above, Petitioner did not appeal his original sentence.

to raise the claim in state court. In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Ground 1 of the instant petition is therefore procedurally defaulted and will be denied.

## C.    Claim Addressed On The Merits

In Ground 2 of his petition, Petitioner claims he received ineffective assistance of counsel, in that plea counsel failed to conduct an independent investigation of the charges. (Doc. No. 1, P. 4). Petitioner contends that as a result of this alleged ineffective assistance of counsel, his plea of guilty was neither intelligently nor voluntarily made. Petitioner raised this claim before the 24.035 motion court, which held as follows:

> In [Petitioner's] Motion, [Petitioner] alleged that he received ineffective assistance of counsel due to plea counsel's alleged acts, inactions, failures or omissions resulting in [Petitioner's] plea of guilty not being voluntary, intelligent and knowingly made. The evidence adduced by [Petitioner] failed to substantiate a single allegation contained in [Petitioner's] Motion to Vacate, Set Aside or Correct the Judgment or Sentence. Plea counsel, Kenneth A. Leeds testified that he advised [Petitioner] of all of his rights in connection with the plea and the plea agreement offered by the Wayne County Prosecuting Attorney and that [Petitioner] indicated that he understood all of his rights. Plea counsel further testified that he did not place [Petitioner] under misapprehension, coercion or duress and the record reflects that [Petitioner] was aware of his rights and voluntarily entered his plea of guilty. In order to satisfy the prejudice requirement of an ineffective assistance of counsel claim the [Petitioner] must demonstrate that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial. In the absence of a showing to the contrary, counsel is presumed to have provided effective assistance. [Petitioner's] expression of satisfaction with counsel at sentencing proceedings is relevant to determination in PCR of whether counsel acted contrary to [Petitioner's] direction. Peet v. State, 22 S.W.3d 792 (SD 00).

> The Court finds that the evidence against the [Petitioner] was overwhelming and in the event the [Petitioner] had insisted upon a jury trial there was a great

likelihood that the [Petitioner] would have been found guilty on all counts.[2] In addition, the Court believes that the State would have filed an Amended Felony Information charging the [Petitioner] as a prior offender, subjecting the [Petitioner] to sentencing by the Court. The Court further finds that [Petitioner's] plea attorney, Kenneth A. Leeds had entered into plea negotiations with the State wherein the [Petitioner] would have received a suspended imposition of sentence in connection with the class B felony of production of a controlled substance. However, prior to the entry of the aforesaid guilty plea, the [Petitioner] was charged with committing the additional crimes of driving while intoxicated and possession of a controlled substance. The original plea offer was withdrawn by the State. Pursuant to subsequent plea negotiations, [Petitioner's] plea attorney, Kenneth A. Leeds, negotiated a plea agreement wherein the State would recommend a twelve (12) year sentence upon the [Petitioner's] guilty plea to the class B felony of production of a controlled substance and dismiss the class D felony of possession of a motor vehicle with altered identification number and the class C felony of receiving stolen property. The State would not recommend probation. However, the plea agreement allowed [Petitioner's] plea counsel to argue for a suspended execution of sentence and probation. The amount of effort expended by [Petitioner's] plea attorney, Kenneth A. Leeds, in preparation for the sentencing hearing was above and beyond that ordinarily expended by defense counsel in similar proceedings. The Court granted [Petitioner's] request for a suspended execution of sentence and probation due primarily to the diligence of plea counsel. In the absence of [Petitioner's] violation of the terms of probation imposed by the Court, the [Petitioner] would be a free man today.

[Petitioner] has complained that counsel failed to properly investigate the charges against the [Petitioner]....A guilty plea generally waives any complaint concerning counsel's failure to investigate the case. Holland v. State, 990 S.W.2d 24 (ED 99)....

Once a guilty plea results, effectiveness of counsel is irrelevant except to the extent that it affects the voluntariness of the plea. Hubbard v. State, 31 S.W.3d 25 (WD 00). Based on all of the evidence, the Court finds no credible evidence to support any of the allegations contained in [Petitioner's] Motion wherein [Petitioner] has alleged that he received ineffective assistance of counsel. The Court finds that [Petitioner's] plea of guilty was freely and voluntarily made with an understanding of all of the consequences of said plea. The evidence adduced by [Petitioner] failed to substantiate a single allegation contained in [Petitioner's] Motion to Vacate, Set Aside or Correct Judgment or Sentence. Plea counsel, Kenneth A. Leeds testified that he advised [Petitioner] of all of his rights, as well as the potential consequences should [Petitioner] reject the State's plea offer and demand a jury trial. Plea counsel testified

---

[2] Petitioner originally was charged in Count II with possession of a motor vehicle with altered identification number, and in Count III with receiving stolen property. The State entered a nolle prosequi with regard to Counts II and III. (Resp. Exh. 2, P. 14).

that [Petitioner] indicated that he understood all of his rights. Plea counsel further testified that he did not place [Petitioner] under misapprehension, coercion or duress.

(Resp. Exh. 2, PP. 15-17). Petitioner advanced this claim on appeal of the denial of his 24.035 motion, and the Missouri Court of Appeals denied the claim as follows:

On appeal, [Petitioner] asserts that the motion court erred in denying his post-conviction motion because the record shows his guilty plea was involuntary due to the ineffectiveness of his trial counsel. [Petitioner] contends that the voluntariness of his plea was affected [because]... "....the advice of counsel, if any, was based on the failure to understand the facts of the case or conduct even the basic investigation of talking to the client before advising him to plead guilty."...

In analyzing trial strategy for the purposes of an ineffective assistance of counsel claim, the Supreme Court stated in **Strickland**, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." **Strickland**, 104 S.Ct. at 2066.

In order to determine what defenses to present, what witnesses to call, and other matters of trial strategy, trial counsel has a duty to investigate all aspects of the [Petitioner's] case. **Anderson v. State**, 66 S.W.3d 770, 776 (Mo.App. W.D.2002) (citing **State v. Butler**, 951 S.W.2d 600, 608-610 (Mo. banc 1997)). To succeed on his claim of ineffective assistance of counsel for failure to investigate, [Petitioner] was required to specifically allege and prove what "information his attorney failed to discover, that a reasonable investigation would have revealed it, and how the information would have aided his position." **Anderson**, 66 S.W.3d at 776 (citing **Jones v. State**, 24 S.W.3d 701, 704 (Mo.App. E.D.1999)).

[Petitioner] did not meet this burden of proof. Instead, [Petitioner] based his claim of plea counsel's lack of reasonable investigation solely on factual discrepancies in plea counsel's memory. Leeds' deposition testimony was taken on November 25, 2002, over two-and-a-half years after he represented [Petitioner] in this matter. In that deposition, Leeds recalled that [Petitioner] was charged with possessing "ten or eleven" marijuana plants and, based on the fact that [Petitioner] was charged with a felony, he guessed the size of the plants to be "rather substantial." According to [Petitioner], he only possessed two marijuana plants that were approximately two-feet tall; therefore, [Petitioner] argues that his counsel's inability to recall the facts of his case two years later is tantamount to a failure to investigate. We disagree and find that the trial court's findings of fact and conclusions of law were not clearly erroneous....

There is a strong presumption that trial counsel was effective and [Petitioner] bears a heavy burden of overcoming that presumption by a preponderance of the evidence. **State v. Tokar**, 918 S.W.2d 753, 761 (Mo. banc 1996). [Petitioner] has not demonstrated that his trial counsel was ineffective; accordingly, [Petitioner] failed to carry his burden on his claim of ineffective assistance of counsel. Given the nature of the charges pending against [Petitioner], the resolution of those charges by a successful plea agreement which kept [Petitioner] out of prison, and the trial court's determinations of credibility, the motion court's findings of fact and conclusions of law are not clearly erroneous. The judgment is affirmed.

(Resp. Exh. 7, PP. 3-5, 7-8).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[3] Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption,

---

[3] The Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. In the context of a guilty plea, to demonstrate prejudice Petitioner must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. at 59. Further, after entry of a guilty plea, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. Porter v. State, 678 S.W.2d 2, 3 (Mo. App. 1984).

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to deference, because Petitioner fails to demonstrate that absent his attorney's alleged ineffectiveness, he would have insisted on proceeding to trial. Rather, during the guilty plea proceeding Petitioner specifically testified that he understood the rights he was waiving by entering a guilty plea, and that he was entering the plea because he was in fact guilty. (Resp. Exh. 3, PP. 65-69, 70). Petitioner further testified that he was satisfied with the services of his attorney. (Id., PP. 70-71). Finally, upon review of the record, this Court finds reasonable the Missouri courts' determination that in securing a suspended execution of sentence for Petitioner, Petitioner's plea counsel's performance fell within the wide range of professionally competent assistance. The Missouri courts' findings thus are entitled to deference, and Ground 2 of Petitioner's petition must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are

**DISMISSED** with prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this <u>23rd</u> day of May, 2003.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE